UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:16-cr-486-T-60CPT

GONZALO DELAROSA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "MOTION TO REDUCE SENTENCE PURSUANT TO 18 USC § 3582(C)(1)(A)(I)"

This matter is before the Court on Defendant Gonzalo Delarosa's "Motion to Reduce Sentence Pursuant to 18 USC § 3582(c)(1)(A)(i)," filed *pro se* on November 13, 2020. (Doc. 301). On November 20, 2020, the Court directed the United States to respond to the motion. (Doc. 302). On December 4, 2020, the Government filed its response. (Doc. 304). On December 14, 2020, Defendant filed a reply.[1] (Doc. 305). After reviewing the motion, supplement, response, reply, case file, and the record, the Court finds as follows:

On June 20, 2017, Defendant pled guilty to Conspiracy to Distribute, Manufacture, and Possess with Intent to Manufacture, and Possess with Intent to Distribute Five Hundred Grams or More of Methamphetamine. (Doc. 111). On December 12, 2017, Judge Honeywell sentenced Defendant to 70 months imprisonment. (Doc. 219). Defendant is currently incarcerated at D. Ray Jams CI in Georgia, and he is projected to be released on or about June 17, 2022.

---

[1] Although Defendant is not entitled to file a reply, the Court will consider his reply when ruling upon the motion.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to health concerns, the spread of Covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the Covid-19 pandemic. Defendant claims that suffers from diabetes, hyperlipidemia, and being overweight by around 130 pounds. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. First, it is unclear that Defendant has

exhausted his administrative remedies. He has not alleged that he has exhausted his administrative remedies, and he has not included documentation to show that he made an administrative request for compassionate release. As such, the Court does not have the authority to consider his compassionate release request. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (concluding that the district court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic" and noting that a majority of the district courts addressing this issue have reached the same conclusion).

Even assuming that he has exhausted his administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[2] Defendant is a 28-year old offender with disciplinary infractions while incarcerated. He has provided no documentation to support his alleged medical conditions, and at the time of his sentencing over three years ago, he identified no medical conditions. Even if he could show that he suffers from the identified medical conditions, Defendant has not explained how his alleged medical conditions substantially diminish his ability to provide self-care in his correctional facility. Moreover,

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

"[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."  *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").  Consequently, Defendant's "Motion to Reduce Sentence Pursuant to 18 USC § 3582(c)(1)(A)(i)" is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers, in Tampa, Florida, this 4th day of January, 2021.

 

                                         **TOM BARBER**
                                         **UNITED STATES DISTRICT JUDGE**