UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:16-cr-486-TPB-CPT

GONZALO DELAROSA,

     Defendant.
_____/

**ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Gonzalo Delarosa's second

motion for compassionate release, filed *pro se* on July 22, 2021.  (Doc. 307).  On

August 4, 2021, the Government filed its response.  (Doc. 308).  After reviewing the

motion, response, case file, and the record, the Court finds as follows:

On June 20, 2017, Defendant pled guilty to Conspiracy to Distribute,

Manufacture, and Possess with Intent to Manufacture, and Possess with Intent to

Distribute Five Hundred Grams or More of Methamphetamine.  (Doc. 111).  On

December 12, 2017, Judge Honeywell sentenced Defendant to 70 months

imprisonment.  (Doc. 219).  Defendant is currently incarcerated at D. Ray Jams CI

in Georgia, and he is projected to be released on or about June 17, 2022.

Following Defendant's imprisonment, on March 11, 2020, the World Health

Organization characterized COVID-19, also known as the new coronavirus, as a

pandemic.  Two days later, on March 13, 2020, the President of the United States

officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to health concerns and the spread of Covid-19 among incarcerated persons.  Defendant is 29 years old and claims that suffers from a variety of chronic health conditions, including diabetes and obesity. He has been vaccinated against Covid-19.  *See* (Docs. 308; 308-1).  Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).  To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief.  Although it appears that he has exhausted his administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[1]  Defendant is a 29-year old offender with

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including:

disciplinary infractions while incarcerated.  Defendant has not explained how his

alleged medical conditions substantially diminish his ability to provide self-care in

his correctional facility.  Moreover, "[g]eneral concerns about possible exposure to

COVID-19 do not meet the criteria for extraordinary and compelling reasons for a

reduction in sentence set forth in the Sentencing Commission's policy statement on

compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-

cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United

States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-

19 in society and the possibility that it may spread to a particular prison alone

cannot independently justify compassionate release, especially considering BOP's

statutory role, and its extensive and professional efforts to curtail the virus's

spread.").  In light of Defendant's vaccination status, his general Covid-19 concerns

are even more tenuous.

Finally, even if Defendant could establish an extraordinary or compelling

reason for compassionate release, the applicable section 3553(a) factors weigh

against granting compassionate release in this case.  Specifically, Defendant cannot

satisfy his burden of demonstrating that he is not a danger to the community – he

was part of a major drug trafficking organization operating in Mexico and

throughout the eastern United States.  Consequently, Defendant's motion for

---

(1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

compassionate release is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of

September, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**